**Sandra BROWN, Plaintiff,**

v.

**ENZYME DEVELOPMENT DIVISION OF BIDDLE SAWYER CORP., Defendant.**

**No. 91 Civ. 6945 (WK).**

United States District Court, S.D. New York.

Jan. 22, 1992.

Sandra Brown, pro se.

Christine B. Cesare, Emmet, Marvin & Martin, New York City, for defendant.

## OPINION AND ORDER

WHITMAN KNAPP, Senior District Judge.

Defendant moves to dismiss *pro se* plaintiff's Title VII, 42 U.S.C. § 2000e et seq., action against it on the grounds that she filed her complaint after the 90–day filing period had passed. Before us also is plaintiff's application for appointment of counsel.

Plaintiff acknowledged in her complaint that she received on June 21, 1991 the EEOC's "Determination" letter informing her of the 90–day period to bring suit. The letter stated, *inter alia*, that she should "[c]ontact the EEOC if there are any questions about legal rights, including advice on which U.S. District Court can hear the case." On September 24, 1991, 95 days after receipt of the letter, she filed this

action with the *pro se* office of the Southern District of New York.[1]

In her affidavit in opposition to defendant's motion to dismiss, plaintiff stated that she did not know to which U.S. District Court the letter referred, and thus was ignorant as to where to file her complaint. Following the letter's instructions, she called one Jane Marchese of that office—apparently the EEOC case officer in charge of her case—to obtain exactly that information. Though plaintiff called three times a week, Ms. Marchese did not return her calls. Plaintiff asked if anyone else could help her but was told that Ms. Marchese was in charge of the case and would return her call. After repeated fruitless calls to the EEOC, plaintiff expanded her search to New York Telephone Co. directory assistance, in the hopes it could lead her to the *"pro se"* office of the U.S. District Court. After numerous calls, an operator finally did so, but not until over 90 days had passed since plaintiff's receiving the letter.

■ The 90–day rule for filing is not jurisdictional but, like a statute of limitations, is subject to equitable tolling when appropriate. If such equitable circumstances do not exist we are not empowered to allow even one day more than the statutory period. *See Johnson v. Al Tech Specialties Steel Corp.* (2d Cir.1984) 731 F.2d 143. The Court of Appeals there affirmed the district court's holding that when the plaintiff refused to attest to his version of the relevant facts such circumstances could not be found to exist. However, it did specifically note that the explanation "that an EEOC official had erroneously advised [plaintiff] that the complaint could be filed late ... when substantiated, has been recognized as justification for equitable tolling of the 90–day rule." *Id.* at 146.

■ The instant *pro se* plaintiff, whom we find to be credible, has attested that, notwithstanding the EEOC's specific instructions that she look to them for "advice on which U.S. District Court can hear the case," her repeated calls to that agency for such information met with utter silence.

Although silence on the part of the EEOC is not necessarily tantamount to misinformation, we find that the circumstances before us—in particular, plaintiff's good faith reliance on the Determination letter and relentless efforts to obtain the information she needed from both the EEOC and other sources, as well as defendant's failure to claim (as it surely could not) that it was in any way prejudiced by the five day delay in filing—are such that an equitable extension of the filing period of only five days is just and appropriate. Defendant's motion to dismiss is therefore denied.

■ Finally, plaintiff's application for appointed counsel is denied. We have reviewed her case according to the criteria enunciated in *Cooper v. A. Sargenti Co., Inc.* (2d Cir.1989) 877 F.2d 170. With respect to the merits of the case, the only evidence we have before us is: the negative determinations by both the New York Division of Human Rights and the EEOC, and plaintiff's relatively weak complaint. On the other hand, we are impressed by plaintiff's particularly able representation of herself thus far. We therefore find that such appointment is not now appropriate.

SO ORDERED.

---

**1.** At the January 17, 1992 hearing, plaintiff produced a photocopy of the registered letter receipt she signed when she retrieved the letter at the post office that indicated she did so on June 24, 1991. Even accepting this date, she still filed the complaint one day after the 90–day period had expired.